Kurt F. Vote, # 160496
William H. Littlewood, # 202877
Alice M. Dostálová, # 244513
McCORMICK, BARSTOW, SHEPPARD
  WAYTE & CARRUTH LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:   (559) 433-1300
Facsimile:   (559) 433-2300

(SPACE BELOW FOR FILING STAMP ONLY)

Attorneys for Plaintiff
JAMES M. OLVEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JAMES M. OLVEY, an individual, <br><br>    Plaintiff, <br><br>    v. <br><br>ERROTABERE RANCHES, a California partnership; DANIEL D. ERROTABERE, an individual; JEAN ERROTABERE, an individual, <br><br>    Defendants. | Case No.  1:06-CV-00653-OWW <br><br>ORDER RE PLAINTIFF'S MOTIONS *IN LIMINE* <br><br>Hearing: <br><br>Date:  March 27, 2008 <br>Time:  9:00 a.m. <br>Ctrm:  3 (Judge Wanger) |

     The Motions *in Limine* filed by Plaintiff JAMES M. OLVEY, an individual ("Plaintiff") came on for hearing on March 27, 2008 at 9:00 a.m. in Courtroom 3 of the Court, the Honorable Oliver W. Wanger presiding.  Appearing on behalf of Plaintiff was Kurt F. Vote of McCormick, Barstow.  Appearing on behalf of Defendants ERROTABERE RANCHES, a California partnership ("ER"); DANIEL D. ERROTABERE, an individual ("DAN"); and JEAN ERROTABERE, an individual ("JEAN") (collectively, with DAN and ER, "Defendants") was Scott J. Ivy of Lang, Richert & Patch.  The Court, after having read and considered the pleadings filed in support of and in opposition to Plaintiff's Motions *in Limine*, and having heard and considered the oral argument of counsel, makes the following Orders.

[PROPOSED] ORDER RE PLAINTIFF'S MOTIONS *IN LIMINE*

PDF created with pdfFactory trial version www.pdffactory.com

1  Plaintiff's Motion *in Limine* No. 1:

2       Plaintiff's Motion to prevent all counsel and witnesses from offering any evidence
3  or argument at the trial of this action concerning the general reputation of any party or witness for
4  truthfulness or honesty, or lack thereof is DENIED without prejudice.

5

6  Plaintiff's Motion *in Limine* No. 2:

7       Plaintiff's Motion to prevent all counsel and witnesses from offering any evidence
8  or argument at the trial of this action regarding evidence, witnesses, or documents not disclosed in
9  discovery pursuant to the Federal Rules of Civil Procedure is GRANTED and will be enforced as
10 to both Plaintiff and Defendants, subject to the exceptions discussed on the record by the Court
11 and counsel at the hearing on the parties' Motions *in Limine*.

12

13 Plaintiff's Motion *in Limine* No. 3:

14      Plaintiff's Motion to prevent all counsel and witnesses from offering any evidence
15 or argument in any form at the trial of this action relating to four (4) deposition excerpts identified
16 by the parties as Exhibits D153-D156 is DENIED.

17

18 Plaintiff's Motion *in Limine* No. 4:

19      Plaintiff's Motion to prevent all counsel and witnesses from offering any evidence
20 or argument in any form at the trial of this action relating to the fact that Plaintiff provided
21 Supplemental Responses to Defendants' Requests for Admission Nos. 13 and 14 after Defendants
22 sought and/or obtained Plaintiff's telephone records in discovery is GRANTED in part and
23 DENIED in part. To the extent that Defendants offer a redacted version of Plaintiff's telephone
24 phone records, evidencing only the March 30, 2005 telephone call in question, and can offer
25 proper authentication via a custodial declaration or a live witness from the telephone service
26 provider for same, Plaintiff's Motion is DENIED. However, unless and until Defendants offer
27 the redacted version of the records with appropriate authentication, Plaintiff's Motion is
28 GRANTED.

PDF created with pdfFactory trial version www.pdffactory.com

Additionally, the Court on the record made the following orders concerning the scope of impeachment and the use which may be made of the withdrawn claims, as referenced in the parties' Stipulation, filed as Document 50 with the Court:

1. Neither Plaintiff nor Defendants nor their counsel nor any witnesses called by any of the parties to this proceeding shall mention, argue, discuss, testify regarding, or allude in any way in the presence of the jury to the filing, maintenance or dismissal of the First through Fourth claims for relief in the Complaint on file herein nor any of the factual bases or legal allegations underlying same.

2. Neither Plaintiff nor Defendants nor their counsel nor any witnesses called by any of the parties to this proceeding shall mention, argue, discuss, testify regarding, or allude in any way in the presence of the jury to the adequacy of the disclosures by Defendants or any alleged discrepancies or misrepresentations or acts of concealment regarding the Crescent Canal stock, the alleged purchase price discrepancy regarding Plaintiff's parcel, the alleged failure to disclose the true purchase price of Plaintiff's parcel of property, or any other factual claims which underlie the now-dismissed First through Fourth claims for relief in the Complaint.

3. Defendants and their counsel shall be permitted to, but are not required to, introduce evidence of any or all of the following sworn statements by Plaintiff concerning Plaintiff's alleged receipt of the Purchase Agreement between Defendants and the Borbas on or about April 7, 2005: Plaintiff's deposition, 99:23 – 100:3 (Exhibit JX25); 100:25 – 101:1 (Exhibit JX26); 101:14-19 (Exhibit JX27); 108:12-16 (Exhibit JX28); and 203:16-19 (with objection at 203:18 redacted) (Exhibit JX31);

4. Defendants and their counsel shall be permitted to, but are not required to, introduce evidence of any or all of the following sworn statements by Plaintiff concerning Plaintiff's actual receipt of the Purchase Agreement between Defendants and the Borbas on or about March 30, 2005: Plaintiff's Supplemental Responses to Defendants' Requests for Admission Nos. 13 (Exhibit JX19) and 14 (Exhibit JX20) and Plaintiff's deposition 174:1-3 (Exhibit JX29) and 174:17-24 (Exhibit JX30);

PDF created with pdfFactory trial version www.pdffactory.com

5. Except as expressly set forth in paragraphs 3 and 4, above, neither Defendants nor their counsel nor any witnesses called by Defendants shall mention, argue, discuss, testify regarding, or allude in any way in the presence of the jury to any other sworn or unsworn statements or claims by Plaintiff concerning his alleged receipt of the Purchase Agreement between the Defendants and the Borbas on or about April 7, 2005 or his actual receipt of the Purchase Agreement between the Defendants and the Borbas on or about March 30, 2005;

6. Defendants withdraw their proposed Exhibit 26 as identified in the parties' Joint Pre-Trial Conference Statement, which was a cassette tape of a voicemail left by Plaintiff for one or more of Defendants on or about March 30, 2005, and neither Defendants nor their counsel nor any witnesses called by any of the parties to this proceeding shall mention, argue, discuss, testify regarding, or allude in any way in the presence of the jury to said voicemail message or the contents or tone thereof - except as expressly provided for herein;

7. The parties agree that a redacted version of Defendants' Exhibit 27 as identified in the parties' Joint Pre-Trial Conference Statement, now marked as Trial Exhibit JX32, shall be admissible in evidence, with the redacted version including only the underlined portions of the document; and

8. Plaintiff withdraws the following documents marked as Plaintiff's Exhibits in the parties' Joint Pre-Trial Conference Statement: Exhibits 10, 17, 22, 26, 27, 28, 29, 30, 31, 33, 35, 37 and 39.

Plaintiff's Motion *in Limine* No. 5:

Plaintiff's Motion for an Order continuing the trial of this matter for sixty (60) days, or to the first available trial date thereafter as directed by the Court is DENIED.

PDF created with pdfFactory trial version www.pdffactory.com

1  General Order re Motions *in Limine*:

2  The Court orders that no mention be made of the fact that any or all of said
3  Motions have been filed or of any ruling by the Court on any or all of these Motions. This
4  includes, but is not limited to, any suggestions or implications to the jury that Plaintiff has moved
5  to "hide" relevant evidence or proof of Defendants' allegations, or that the Court has excluded
6  evidence or proof on any issue. The Court further orders all counsel, parties and witnesses
7  (including "independent" witnesses) to comply with the Court's rulings and to abstain from any
8  reference to any of the items or evidence or argument which have been excluded without first
9  obtaining the express permission of the Court outside the presence of the jury.

10  Trial counsel for both parties are to inform each of the witnesses called by them of
11  the Court's rulings on both Plaintiff's Motions *in Limine* and Defendants' Motions *in Limine*
12  before any witness is called to testify.

13

14  Dated: April 1, 2008

/s/ OLIVER W. WANGER
15  The Honorable Oliver W. Wanger
Judge of the United States District Court

16

17

18

19

20

21

22

23

24

25

26  1202720.v1

27

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST

5

[PROPOSED ORDER RE PLAINTIFFS' MOTIONS *IN LIMINE*

PDF created with pdfFactory trial version www.pdffactory.com