IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. OLVEY,                      ) | No. CV-F-06-653 OWW/SMS |
|                                      ) | |
|                                      ) | MEMORANDUM DECISION GRANTING |
|                                      ) | PLAINTIFF'S MOTION TO ALTER |
|           Plaintiff,                 ) | OR AMEND JUDGMENT TO INCLUDE |
|                                      ) | PRE-JUDGMENT AND POST- |
|      vs.                             ) | JUDGMENT INTEREST |
|                                      ) | |
| ERROTABERE RANCHES, et al.,          ) | |
|                                      ) | |
|           Defendants.                ) | |
|                                      ) | |

   Plaintiff James M. Olvey moves to alter or amend the judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure, to include pre- and post-judgment interest as follows:

> 1.   Costs of suit in the sum of $3,373.13, prejudgment interest in the amount of $6,454.98 on the land rent claim, and prejudgment interest in the amount of $9,755.28 on the OA-249 seed claim for a total amount of Judgment of $72,708.39 ($53,125.00 + $6,454.98 + $9,755.28 + $3,373.13 = $72,708.39);
>
> 2.   Interest on the Judgment of $72,708.39 shall accrue at the rate of 1.63% per annum from April 7, 2008 until paid in full.

**A. Pre-Judgment Interest.**

In diversity actions, state law determines whether pre-judgment interest should be awarded and the rate of pre-judgment interest. *Bangert Bros. Const. Co., Inc. v. Kiewit Western Co.*, 310 F.3d 1278, 1297 (10th Cir.2002); *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1108 (9th Cir.1998).

California Civil Code § 3287(a) provides:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is also entitled to recover interest thereon from that day ....

"'The more liberal view now prevails that interest will be allowed as damages where the demand, although unliquidated is of such a nature that the amount is capable of ascertainment by mere computation, or can be established with reasonable certainty, *or determined by reference to well-established market values.*'" *Katz v. Enos*, 68 Cal.App.2d 266, 278 (1945); *accord Shell Chemical Corp. v. Owl Transfer Co.,* 173 Cal.App.2d Supp. 796, 804 (1959). "Damages are deemed certain or capable of being made certain within the provisions of subdivision (a) of section 3287 where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers of the issue of liability giving rise to damage." *Esgro Central, Inc. v. General Ins. Co.*, 20 Cal.App.3d 1054, 1060 (1971). As explained in *Children's Hosp. and Medical Center v. Bonta*, 97 Cal.App.4th 740, 774 (2002):

2

> 'The test for recovery of prejudgment interest under [Civil Code] section 3287, subdivision (a) is whether *defendant* actually know[s] the amount owed or from reasonably available information could the defendant have computed that amount ...' ... 'The statute ... does not authorize prejudgment interest where the amount of damage, as opposed to the determination of liability, "depends upon a judicial determination based upon conflicting evidence and it is not ascertainable from truthful data supplied by the claimant to his debtor." ... ' ... Thus, where the amount of damages cannot be resolved except by verdict or judgment, prejudgment interest is not appropriate.'

*See also Fireman's Fund Ins. Co. v. Allstate Ins. Co.*, 234 Cal.App.3d 1154, 1174 (1991):

> Whatever uncertainty about the *extent* of Fireman's liability may have been fostered by the alternative theories Fireman's proposed, we do not view that uncertainty as an impediment to the award of prejudgment interest. While Fireman's proposed a general formula based on four inapt theories of lesser liability, it also suggested a specific amount due Allstate and Northbrook under each theory. Through it all, the extent of Fireman's exposure remained purely a question of law. Thus, the amounts proposed under Fireman's theories or the amounts legally compelled by section 3634 were readily ascertainable.

*See also Block v. Laboratory Procedures, Inc.*, 8 Cal.App.3d 1042, 1046-1047 (1970):

> ' ... The existence of a bona fide dispute between the parties as to the amount owing under an express contract does not render that sum unliquidated.' ... The mere fact that there is a slight difference between the amount of the damages claimed and the amount of the award does not preclude an award of prejudgment interest ... 'It is the rule that if damages may be determined by reference to reasonably ascertainable market values, they

> are 'capable of being made certain by calculation' within the meaning of section 3268 ....'
>
> ...
>
> Where the person liable does not know what sum he owes and where damages can be arrived at only by judicial determination on conflicting evidence, the damages are uncertain and there is no basis for the award of prejudgment interest.

"[I]t is clear the policy underlying the requirement for prejudgment interest where the damages are deemed 'certain' or 'capable of being made certain ...' ... is that in situations where the defendant could have timely paid that amount and has thus deprived the plaintiff of the economic benefit of those funds, the defendant should therefore compensate with appropriate interest." *Wisper Corp. v. California Commerce Bank*, 49 Cal.App.4th 948, 962 (1996).

Plaintiff argues that, although Defendants disputed liability, Defendants were aware of the exact amounts Plaintiff claimed Defendants owed on the two claims for which Partial Judgment was entered:

> Not only were the amounts due for both the land rent and OA-249 seed set forth in written invoices from the Plaintiff to the Defendants, with respect to the land rent, Defendants expressly admitted that the fair market value for the land rent was the same $24,035 figure invoiced by Plaintiff and (ultimately) awarded by the jury.

Plaintiff refers to Defendants' response to Plaintiff's requests for admission: "Defendants admit that the fair rental value in

4

2005 of the field including access and use of the agricultural well was $24,025.00."

Defendants respond that Plaintiff is not entitled to prejudgment interest on the land rent claim. Defendants contend that Plaintiff, in his Complaint, the Pretrial Order, at trial and during closing arguments, claimed that the total rent due for the use of the land and water was $24,025.00, plus between $7,600.00 and $86,000.00 for additional use of water. Defendants refer to Paragraph 58 of the Complaint:

> OLVEY alleges that the fair market rental value of the field on which the wheat crop was planted was $24,025, plus the use of water from OLVEY's production well, for which Defendants also did not pay.

The Pretrial Order states:

> VI.   RELIEF SOUGHT
>
> 1.   Plaintiff seeks compensatory damages in the sum of $24,025, which represents the fair market rental value of the land upon which Defendants planted their wheat crop ....
>
> 2.   Compensatory damages for the fair market value of the water used by Defendants in excess of the water needed to irrigate Defendants' wheat crop, which Plaintiff estimates to be $86,000.

At trial Plaintiff testified that he was owed $24,025 for rent and water on his field plus approximately $86,000 for water used on other fields. In closing argument, Plaintiff's counsel argued that Plaintiff was due $24,025 for land rent plus either $86,000 or $7,000, based upon who the jury believed as to the amount of water used on other fields. Defendants' counsel avers that

5

documentary evidence admitted at trial establishes that Defendants disputed that the rent did not include the use of water from the agricultural well.  Defendants admit that they conceded at trial that they owed Plaintiff for rent of the land, but testified that the rent would be $155/acre, which would cover the three months that they were on the land while Plaintiff actually owned it, as opposed to the original six month estimate for the entire 2005 season.  Defendants testified and argued to the jury that the total amount of rent due was $12,000.  Defendants assert that the jury disagreed with Defendants that the rent should only run for the three months Plaintiff owned the property, but agreed with Defendants that the rent included the use of water.  Defendants argue:

> Under no scenario has Plaintiff established or can even attempt to credibly argue that the 'damages' for the alleged rental value of the property and water was at any point before the jury returned its verdict certain, capable of being made certain or liquidated. Before and during trial Defendants disputed the amount owed, the calculation of the amount owed, the duration of the rent period, and the rate by which additional water would be charged if it was in fact charged.

Plaintiff replies that Defendants' contentions establish that "the use of the land itself was always calculated at the fixed, unchanged, and adjudged $24,025."  Plaintiff asserts that the "only disputed issue ... was the value and amount of water used in addition to the fixed, certain, ascertainable and finally adjudged land rent":

> It is clear that the value of water used and

>           the value of land rent are two separate
>           numbers.  Also, Plaintiff is requesting pre-
>           judgment interest on only the land rent
>           claim.

Plaintiff argues that Defendants' claim that, although the parties agreed on the cost of land per acre, the dispute over the term of the land rental does not make the amount of damages uncertain because the agreed upon rental is merely multiplied by the term found by the jury.

Plaintiff has established that he is entitled to prejudgment interest under the standards set forth in case law.  The amount of land rent was certain and capable of calculation; at issue during the trial was liability.  With regard to Plaintiff's claim for compensatory damages for the use of water, that claim is separate from the land rent claim and does not render the land rent claim uncertain.

Defendants argue that Plaintiff is not entitled to prejudgment interest on the seed claim.  Defendants refer to evidence presented at trial that they did not order or receive OA-249 in 2003, but that they instead received, but did not agree to pay for, OA-265, and to evidence in the form of crop and spray maps which confirmed that no OA-249, as opposed to OA-265 shown on the maps, was or could have been planted.  Defendants assert that Plaintiff conceded on cross-examination that if the crops had in fact been sprayed with round-up as indicated by the maps, the seed planted could have not been OA-249.  Defendants assert that Plaintiff's counsel then argued that the 2003 seed with

either OA-249 (at $75/bag for a total amount due of $29,100), or OA-265 (at $90/bag for a total amount due of $35,000). The jury returned a verdict for Plaintiff on Question 34 ("Did Defendants request by words or conduct that Plaintiff provide goods, cotton seed, for the benefit of Defendants") and found the "reasonable value of the goods provided to Defendants" to be $29,100. Defendant argues that neither Plaintiff nor Defendant "had or could have ascertained the total amount due for the 2003 seed sales until the jury decided which seed had been delivered, rendering the amount due on this claim obviously unliquidated."

As Plaintiff correctly replies, Defendants "err by focusing on the issue of liability and not whether the damages were certain or capable of being made certain:

> It is clear as to the OA-249 Seed, the amount that was invoiced, claimed, and ultimately awarded is one and the same, $29,100. Since there was no disparity between the amount claimed and the final judgment, this tends to show, in addition to the invoice and non-opposition to the calculation of the figure, that the damages for the OA-249 seed claim were in fact certain, liquidated, ascertainable and capable of being calculated.

Plaintiff's motion to alter or amend the judgment to include prejudgment interest in the amounts set forth in the motion is GRANTED.[1]

---

[1] Defendants do not dispute that the accrual date on the prejudgment interest for the land rent claim is July 31, 2005 and that the accrual date on the seed sale claim is November 30, 2004. Defendants also do not dispute Plaintiff's prejudgment interest calculations based on a 10% per annum rate.

    **B.**   **Post-Judgment Interest**.

    **Defendants concede that Plaintiff is entitled to post-judgment interest and do not dispute the interest rate to be applied. Plaintiff's motion to alter or amend the judgment to include post-judgment interest is GRANTED.**

## CONCLUSION

    **For the reasons stated:**

    **1.**   **Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure, to include pre- and post-judgment interest is GRANTED;**

    **2.**   **Counsel for Plaintiff shall prepare and lodge a form of order and judgment reflecting the ruling in this Memorandum Decision within 5 days of the filing date of this Memorandum Decision.**

IT IS SO ORDERED.

**Dated:   June 17, 2008**                              /s/ Oliver W. Wanger
                                                                UNITED STATES DISTRICT JUDGE