1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES OLVEY, | 1:06-cv-00653 OWW SMS |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT. |
| v. | |
| ERROTABERE RANCHES, a California partnership; DANIEL D. ERROTABERE, an individual; JEAN ERROTABERE, an individual, | (DOC. 215) |
| Defendant. | |

## I.   INTRODUCTION

Plaintiff, pro per, moves to enforce the Settlement Agreement dated February 5, 2009 ("Settlement Agreement"). Doc. 215. Plaintiff contends that Defendants have not satisfied the Settlement Agreement's remaining conditions and seeks (1) an order granting Plaintiff and his agents access to Defendants' property to complete construction of the road required by Section 2E of the Settlement Agreement ("Road"); and (2) the costs of bringing this motion and reimbursement of costs to construct the Road. Defendants oppose the motion. Doc. 217. The matter was heard on March 14, 2011.

## II.  FACTUAL BACKGROUND

On May 26, 2006, Plaintiff filed a Complaint against Defendants alleging misrepresentations of the terms of a Purchase

1

and Sale agreement. Doc. 1. The case went to trial before a jury

April 2008; partial judgment was entered for Plaintiff for

damages, costs, and pre-judgment interest. Doc. 167. On February

5, 2009, the parties entered into the Settlement Agreement to

resolve Plaintiff's remaining claim.

By Order dated November 19, 2010, the Court held that: (1)

all settlement conditions in the Settlement Agreement were

satisfied, other than a dispute over Section 2E of the Settlement

Agreement regarding the width of the Road; and (2) upon filing

with the Court proof of the payment in Section 2G of the

Settlement Agreement, all remaining pending claims in the

Complaint will be dismissed with prejudice. Doc. 214. At issue is

whether these two settlement conditions have been satisfied.

III. <u>ANALYSIS</u>

A. <u>Road Width</u>

Section 2E of the Settlement Agreement provides:

> After the harvest of Olvey's 2009 cotton crop on the Olvey
> parcel, and not later than January 1, 2010, the Errotaberes
> shall immediately construct a 30' wide dirt field road,
> traveling in an East-West direction, just South of the
> Northernmost boundary of their property. The dirt field road
> currently existing in this area, which is located on Olvey's
> parcel, shall become the sole property of Olvey and all
> parties understand and agree that Olvey has the right to
> plow the road under and use the land for crops or other
> purposes. The new road, constructed by Errotabere, is to be
> shared equally by both parties. Other than in the normal
> course of farming and cultural husbandry, neither party
> shall disrupt, block or prevent the other party from having
> full and complete access to and use of this road.

Doc. 217, Ex. 1, § 2E.

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff states that after the November 8, 2010 hearing, Plaintiff hired a surveyor to identify the northern and southern boundaries of Defendants' property and measured the distance between the property boundary line and the southern edge of the road. Plaintiff contends that while the Settlement Agreement requires a 30-foot Road, the distance between the southern boundary of the Road and the property line is as little as 13 feet in some places. Plaintiff provides a video of the Road dated November 22, 2010 on which he alleges that Defendants built a fence, constructed a ditch in the Road, and decreased the width of the Road.

Defendants contend that the Road did measure 30 feet as required by the Settlement Agreement, but that Plaintiff's tenant constructed a ditch in the Road. Doc. 217, Ex. 2, ¶ 3. At the Court's request on November 2, 2010, Defense counsel visually inspected the Road and measured it in its then-current state (not as originally constructed) as between 28 to 29 feet (Doc. 217, Ex. 2, ¶ 3) and up to 33 feet in some portions (Doc. 217, Ex. 3, 6-9). After receiving this motion, Jean Errotabere declares that Defendants used global positioning to score a road that was exactly 30 feet wide from beginning to end. Doc. 218, ¶ 4. Defendants contend that in response, Plaintiff extended the existing ditch onto the Road, flooding and reducing the traversable width of the Road. Doc. 218, ¶ 5. Defendants provide

3

pictures of the flooded Road. Doc. 218, Ex. 1-2.

The parties are reminded that Section 2E of the Settlement Agreement requires that "[o]ther than in the normal course of farming and cultural husbandry, *neither party* shall disrupt, block or prevent the other party from having full and complete access to and use of this road." Doc. 217, Ex. 1, § 2E (emphasis added). Building a ditch and flooding the Road breach the Settlement Agreement.

The Errotaberes shall measure the width of the Road every 1/8th mile by placing stakes on both edges of the Road, recording the distance between the stakes, and photographing the width of the Road and stakes. Plaintiff and his surveyor may accompany the Errotaberes while they measure the Road and may check and confirm the Errotaberes' measurements. The Errotaberes shall file a declaration with the measurements and photographs within ten (10) days following the date of service of this memorandum decision.

B. <u>Payment</u>

Section 2G of the Settlement Agreement provides:

> The Errotaberes shall, within twenty (20) days of the date of completion of the lot line adjustment referenced in Paragraph 3, below, pay Olvey a 1/3 share of the $15,994 in costs Olvey incurred with Quad Knopf in generating the record of survey for the Olvey parcel which the parties have utilized.

Doc. 217, Ex. 1, § 2G. Defendants' 1/3 share of $15,994 equals $5,331.33 ("Payment").

Plaintiff contends that Defendants have not made the

4

Payment, and have not filed any proof of Payment as required by the Court's Order dated November 22, 2010.

Defendants contend that they mailed Plaintiff a check in the amount of $5,331.34 to satisfy the Payment. Defendants provide (1) a copy of the uncancelled check dated December 14, 2010, and (2) a letter from Defendants' counsel's office to Plaintiff enclosing the check. Doc. 217, Ex. 4. Defendants do not offer proof that the check was mailed and/or received by Plaintiff. On January 29, 2011, Defendants' counsel e-mailed Plaintiff to confirm receipt of the check. Doc. 217, Ex. 5. Defendants contend that Plaintiff never responded; instead, Plaintiff filed this motion.

At the hearing, Plaintiff stated that he has never received the check. Defendants gave Plaintiff a new check at the hearing, which the court witnessed. The Payment contingency in Section 2G of the Settlement Agreement is satisfied.

## IV.   CONCLUSION

For the reasons stated:

1. Plaintiff's motion to enforce settlement agreement is
   DENIED, subject to the Road measurement condition specified
   in this memorandum decision.
2. Defendants shall submit a proposed form of order consistent
   with this memorandum decision within five (5) days of
   electronic service of this memorandum decision.

1    SO ORDERED.

2    DATED: March 16, 2011.

3                                              /s/ Oliver W. Wanger
                                             Oliver W. Wanger
4                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28